GOODRICH ET AL. *vs.* SOUTHMAYD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Creditors holding certain notes in pledge, which they cause to be prematurely seized by the sheriff, on their judgment and execution, do not thereby divest themselves of the possession of the pledge; although illegally seized, they are still in the possession of the sheriff as an officer of court, subject to the right of the pledgees.

This case comes up on an appeal from a judgment discharging a rule, which the plaintiffs took on Brown, Brothers & Co. and their counsel in this city, to show cause why certain promissory notes, owned by the defendant, Southmayd, and pledged by his house in. New-York, to Messrs. Brown, Brothers & Co., should not be sold to satisfy the judgment of the plaintiffs.

The pledgees were creditors of Southmayd, and had obtained judgment in April, 1838, with stay of execution for six months. Before the end of this term they took out execution, and had the notes seized in the hands of their counsel, by the sheriff, and which were afterwards sold.

On the 20th of November, the plaintiffs took their rule to have these notes sold, for the benefit of their judgment. The rule was discharged; and they appealed.

It was admitted the notes were pledged in New-York, and sent out here ; and that by the laws of that state, a pledge of promissory notes is not required to be made by notarial act.

*Caswell*, for the plaintiffs and appellants.

*L. Peirce, contra.*

*Eustis, J.,* delivered the opinion of the court.

Brown, Brothers & Co. of New-York, sued the defendant under the name of F. R. Southmayd & Co., in the court of the first district, for the balance of an account; they allege, that they had received certain promissory notes from the defendant, which were annexed to the petition, to be returned to the defendant whenever the amount of their account should be paid.

On the 23d April, 1838, by consent of parties, judgment was entered for the plaintiff with a stay of execution for six months.

A writ of *fieri facias* was issued on this judgment and returned, without being executed before the expiration of the term.

An *alias fieri facias* was issued on the 28th of August afterwards; and under this writ, the notes before mentioned, were seized, and on the 26th of November were sold by the sheriff, for fifteen hundred and sixty dollars, a sum not equal to one-half the amount of the plaintiffs' judgment.

The plaintiffs in this suit had a judgment against the defendant, which was rendered on the 1st of October, 1838, and before the expiration of the term for which the execution on Brown, Brothers & Co.'s judgment had been stayed, issued a writ of *fieri facias* on their judgment, and took a rule on the sheriff, to show cause why the notes in question, which had been advertised for sale, in the case of Brown, Brothers & Co. and the defendant, should not be sold to satisfy the judgment of the plaintiffs, having been legally seized in their suit against the defendant, and in none other.

It appears that the notes had been pledged to Messrs. Brown, Brothers & Co. by the house of Southmayd, in New-York, with the consent of Southmayd, the defendant. The law of New-York is admitted. It appears that the defendant gave no consent to the issuing of the execution on the judgment of Brown, Brothers & Co.

The question, as the case has been submitted to us, rests entirely on the correctness of the decision of the judge, in discharging this rule, from which the plaintiffs have appealed.

Assuming that these notes were pledged to Brown, Brothers & Co., in whose possession they were at the inception of their suit, we do not consider that the fact of their being put into the hands of the sheriff, under these circumstances, changes in any respect their rights on them. They were tendered to the defendant in their suit, on the payment of the debt due to them, and admitting what the plaintiffs counsel has urged upon us, that they were illegally seized on the execution before the term had expired, they are still in the possession of the sheriff as an officer of the court, to carry into effect the tender made in the petition of Brown, Brothers & Co., and necessarily subject to their rights on them, or as their agent. We do not consider, that as creditors, they have divested themselves of the possession of the

Creditors holding certain notes in pledge, which they cause to be prematurely seized by the sheriff on their judgment and execution, do not thereby divest themselves of the possession of the pledge; although illegally seized, they are still in the possession of the sheriff, as an officer of court, subject to the right of the pledgees.

EASTERN DIST.
*April,* 1839.

pledge. This being the case, we cannot inquire into the validity of the contract of pledge, under which they held the notes, on the rule under consideration, there being no allegation under which its validity can be tested. The proper mode of proceeding in cases of this kind, is pointed out in articles 1965 and *seq.* of the Louisiana Code.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.